**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1803
_____

RAHUL TELANG;
ASHWINI GANDHE,
husband and wife,
                    Appellant

v.

NVR, INC.
trading and doing business as
NVR, Inc.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:19-cv-01025)
District Judge:  Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 4, 2024
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, CHUNG and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed: June 6, 2024)

_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Chief Judge.

Rahul Telang and his wife, Ashwini Gandhe, contracted with NVR, Inc. to build them a model home in Pennsylvania. Many years after they had moved into the home, Telang fell while replacing an air filter in the attic and sustained serious injuries. He and Gandhe filed a lawsuit against NVR, but the District Court granted NVR summary judgment. Because we agree with the District Court's ruling that Telang's claims were time-barred by the contract's limitations provision, we will affirm.

I.

We write primarily for the parties and recite only the facts essential to our decision. NVR built Telang and Gandhe a model home in 2007 that included a furnace system in the attic. Telang fell from the attic in 2019 while replacing an air filter. According to Telang, he fell through the insulation and ceiling joists on the far side of the attic platform, landing in the home's foyer below and suffering various injuries, including brain damage. Telang has no recollection of the day of the accident or of the cause of his fall. He and Gandhe filed a lawsuit against NVR in state court for negligence, professional negligence, and loss of consortium. NVR removed the lawsuit to federal court and sought summary judgment.

The District Court granted NVR summary judgment. It ruled that Telang failed to identify any record evidence to satisfy the element of causation in his negligence claims. It held in the alternative that Telang's negligence claims were time-barred under the parties' contract. Finally, it disposed of the loss of consortium claim as a derivative claim that could not survive on its own. Telang timely appealed.

2

## II.[1]

We will affirm the District Court's order because Telang's claims are time-barred.

Under Pennsylvania law, we examine the text of the contract to determine the parties'

intent.[2]  Pa. Env't Def. Found. v. Commonwealth, 255 A.3d 289, 304 (Pa. 2021).  Section

13 of the parties' contract provides in part:

> Purchaser and seller covenant and agree that any and all claims arising out of or relating to the subject matter of this agreement, including but not limited to any claims based in whole or in part on facts occurring before settlement, whether known or unknown, and that arise out of or relate to the subject matter of this agreement, settlement hereunder, the agreed improvements to the property (whether as-built or as-promised) and/or the herein described real estate, regardless of legal theory and regardless of the named respondent(s)/defendant(s) ("claims"), shall be governed by a one (1) year limitation of action period and bar date running from the date the claim or cause of action accrues (if at all).  Consistent with the foregoing, all such claims based on matters occurring before the settlement date shall be deemed to have arisen and accrued, if at all, and the aforesaid one year limitation of action period for all such claims shall begin to run not later than the settlement date.  With the sole exception of counterclaims, any such claims initiated in any forum against any party to this agreement and/or their joint and several successors, members, affiliates, employees, agents, contractors and/or suppliers by any other party to this agreement and/or their successors, subrogees and assigns shall be deemed automatically barred and precluded as a matter of law and contract if not filed/initiated within that agreed one (1) year limitation of action period following settlement and before said bar date.  All application of the so-called "discovery rule" is mutually waived by the parties.  By executing this agreement, purchaser acknowledges purchaser's understanding and agreement to these terms and that the said one (1) year period is completely reasonable in all respects.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a).  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's grant of summary judgment.  Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 665 (3d Cir. 2016).

[2] The parties agree that Pennsylvania law applies, as do we.

Appendix ("App.") 55–56 (bold and capitalization removed).

Telang concedes that his negligence counts are "claims" as defined by the contract because they are based "on facts occurring before settlement, namely, the design and construction of the attic, which was completed before settlement." Telang Br. 25. Telang also does not dispute that he had one year to bring his claims from the moment they accrued. He contends, however, that his claims accrued at the time of his injury in 2019, not at the time of settlement in 2007. He cites Pennsylvania caselaw for the proposition that a cause of action generally accrues when an injury is inflicted. But that general principle cannot help him here because the contract expressly provides a strict definition of accrual: "all such claims based on matters occurring before the settlement date shall be deemed to have arisen and accrued . . . not later than the settlement date." App. 56; see, e.g., Gustine Uniontown Assocs., Ltd. ex rel. Gustine Uniontown, Inc. v. Anthony Crane Rental, Inc., 892 A.2d 830, 836 (Pa. Super. Ct. 2006) ("The clear contractual language provides for accrual of all causes of actions and the commencement of the statute of limitations period as of issuance of the certificates."). Because Telang's negligence claims are based on matters occurring before settlement — specifically, NVR's allegedly flawed design and construction of the attic — they accrued in 2007. Thus, they are time-barred.

Having disposed of Telang's negligence claims, the District Court also correctly granted NVR summary judgment on Gandhe's loss of consortium claim because it was derivative. See Kryeski v. Schott Glass Techs., Inc., 626 A.2d 595, 602 (Pa. Super. Ct.

1993) (explaining that the success of a loss of consortium claim turns on the injured spouse's right to recover).

## III.

For the foregoing reasons, we will affirm the District Court's order granting NVR's motion for summary judgment.